IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SHAWN BURTON, #05736-043                                                PLAINTIFF

VERSUS                                             CIVIL ACTION NO. 3:05cv293HTW-JCS

CITY OF RIDGELAND, et al.                                        DEFENDANTS

MEMORANDUM OPINION

This cause is before the court, *sua sponte*, for consideration of dismissal. Plaintiff Shawn Burton filed this complaint pursuant to Title 42 U.S.C. § 1983. Plaintiff is an inmate incarcerated in the Federal Correctional Complex, Adelanto, California. The named defendants are City of Ridgeland, Frank Dillard, Detective; Michael James Magayhee, Officer; John Doe, Command Sergeants-City of Ridgeland Police Department; John Doe, Director of Internal Affairs-City of Ridgeland Police Department; John Doe, Chief of Police-City of Ridgeland; John Doe, City Manager-City of Ridgeland; and Anita Wittington, witness. He is requesting as relief monetary damages.

Background

The plaintiff states that he was arrested for the crime of robbery in August 1999. The plaintiff contends that his arrest was a result of defendant City of Ridgeland's policy and custom of racial discrimination which targeted black individuals for false arrest. Further, the plaintiff complains that defendant City of Ridgeland failed to investigate complaints regarding false police reports and officers providing false testimony. The plaintiff also asserts that defendant City of Ridgeland failed to train its officers. The plaintiff complains that he was identified from

a prejudicial photographic lineup.  As a result of these alleged actions and the testimony of defendants Dillard, MaGayhee and Wittington, the plaintiff was convicted of robbery in December 2003.

## Analysis

The Prison Litigation Reform Act,  28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides  that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case.

For the reasons described below, this court finds that the plaintiff's claim under § 1983 is precluded by the United States Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Court addressed whether a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The United States Supreme Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding

>criminal judgment against the plaintiff, the action should be allowed to proceed,
>in the absence of some other bar to the suit.

Id. at 2372 (footnotes omitted) (emphasis added); see also Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994).

If plaintiff is successful in this § 1983 action, it would necessarily imply the invalidity of his robbery conviction entered in December 2003. Since this § 1983 action calls into question the validity of plaintiff's conviction and because plaintiff has failed to demonstrate that his conviction and/or sentence has been invalidated, this court finds that plaintiff's complaint should be dismissed.[1]

Even though the plaintiff's complaint and request for monetary damages are being dismissed for failing to meet the requirements set forth in Heck, the United States Court of Appeals for the Fifth Circuit held that "it remains appropriate for district courts to consider the possible applicability of absolute immunity . . . as a threshold matter in making a § 1915(d) determination." Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). With that in mind, this court finds that even if the plaintiff successfully met the Heck requirements he would not be allowed to maintain this § 1983 complaint against defendant Wittington. "Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" Hulsey v. Owens, 63 F.3d 654, 356 (5th Cir. 1995) (quoting Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994)).

---

[1] In his response [document #16], the plaintiff states that he has not received a decision from the Mississippi Supreme Court in case number 2004-KA-00562COA. A review of the Mississippi Supreme Court's website of case number 2004-KA-00562COA states that the plaintiff's conviction of robbery was affirmed on October 25, 2005, and the mandate issued on November 15, 2005.

The plaintiff complains that defendant Wittington gave perjured testimony as a witness during his trial. A witness in state judicial proceedings enjoys absolute immunity. Briscoe v. LaHue, 460 U.S. 325 (1983); Young v. Biggers, 938 F.2d 565 (5th Cir. 1991). Hence, even if defendant Wittington gave false testimony at the plaintiff's court hearings, she is absolutely immune from suit and liability under Title 42 U.S.C. § 1983.

## Conclusion

As discussed above, the plaintiff's claim is not cognizable under 42 U.S.C. § 1983. Consequently, this complaint will be dismissed for failure to state a claim upon which relief may be granted, pursuant to Title 28 U.S.C. § 1915(e)(2)(B)(ii). Even though the plaintiff's claims are being dismissed with prejudice, he may assert them, except against defendant Wittington, again when he has met the conditions set forth in Heck. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

## Three-strikes provision

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "Strike."[2] If the plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

---

[2]Title 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED, this the 29th day of November, 2005.

                              s/ HENRY T. WINGATE

                              CHIEF UNITED STATES DISTRICT  JUDGE